Reginald B. FAILS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–96–01549–CR.

Court of Appeals of Texas,
Dallas.

Aug. 10, 1999.

Robert Udashen, Attorney at Law, Dallas, for Appellant.

Kerry P. Fitzgerald, Assistant District Attorney, Dallas, for State.

Before Justices LAGARDE, OVARD, and JAMES.

## OPINION

SUE LAGARDE, Justice.

Reginald B. Fails appeals his conviction for murder. After finding appellant guilty, the jury assessed his punishment at life imprisonment and a $10,000 fine. Appellant brings two issues questioning whether the trial court erred in: (1) admitting into evidence a photograph that was more prejudicial than probative; and (2) failing to instruct the jury on the State's burden of proof during the punishment phase of the trial. We resolve the issues against appellant and affirm his conviction.

## FACTUAL BACKGROUND

Appellant stabbed his wife, Vickie Lockhart, repeatedly in the neck and chest on December 15, 1995. Lockhart's eleven-year-old daughter, Chloe Lockhart, was awakened by her mother's screaming. Chloe went into her mother's bedroom and saw her mother sitting on the window sill covered in blood while appellant was pulling the telephone cords out of the wall. Appellant went into the kitchen followed by Lockhart and Chloe where he disconnected the remaining telephones. Lockhart tried to leave through the garage, but she fell onto a glass table. As she tried to crawl away, appellant held her down. Chloe asked appellant why he was doing this to her mother, and appellant told her he hated Lockhart and wanted her to die. Appellant left the house in Lockhart's car taking Lockhart's purse and a television from the house. Chloe tried to telephone for help from her house, but the telephones were inoperable. She went next door and telephoned the police from there. When the police arrived, Lockhart was dead.

## ADMISSION OF THE PHOTOGRAPH

In his first issue, appellant questions whether the trial court erred in overruling his objection to State's Exhibit 2, a photograph of Lockhart with her daughter Chloe. During phase one of the trial, State's Exhibit 2 was offered with State's Exhibit 1, a photograph of Lockhart by herself, through the testimony of Lockhart's mother:

Q. Ms. Walker, I'm showing you what's been marked as State's Exhibit No. 1. Do you recognize this picture?

A. That's my daughter.

Q. What is this person's name?

A. Vickie Lynn Lockhart.

Q. This is your daughter?

A. Yes.

Q. I'm showing you what's been marked as State's Exhibit No. 2. Do you recognize that picture?

A. That's Vickie Lynn Lockhart and her daughter, Chloe Lockhart.

Q. Does this picture accurately reflect the way Ms. Lockhart looked?

A. Yes, it does.

[Prosecutor]: We offer State's Exhibit No. 1 and 2 into evidence.

[Defense Counsel]: Your Honor, I'm going to object to State's Exhibit No. 2 being offered. No objection to State's Exhibit No. 1.

The Court: Well, could I see the Exhibit? And what is your objection?

[Defense Counsel]: My objection, Your Honor, it does not depict the victim alone. It has a victim—the victim and the child, highly prejudicial.

The Court: Admitted.

 Under Texas Rule of Criminal Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex.R.Crim. Evid. 403. In considering this issue, the court considers:

(1) how compellingly the objected-to evidence makes a fact of consequence more or less probable;

(2) the evidence's potential to impress the jury in some irrational but nevertheless indelible way;

(3) the time needed to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and

(4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence to help establish this fact, and is this fact related to an issue in dispute.

*See Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App.1999); *Santellan v. State*, 939 S.W.2d 155, 169 (Tex.Crim.App.1997);

*Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim.App.1990) (op. on reh'g). The trial court's decision whether to admit or exclude evidence in the face of an objection under rule 403 will not be reversed unless the trial court abused its discretion. *See Santellan*, 939 S.W.2d at 169; *Montgomery*, 810 S.W.2d at 392–93. The trial court does not abuse its discretion if its decision falls within the zone of reasonable disagreement and is reasonable in view of all relevant facts. *See Santellan*, 939 S.W.2d at 169; *Rachal v. State*, 917 S.W.2d 799, 808 (Tex.Crim.App.), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996); *Montgomery*, 810 S.W.2d at 391–92.

State's Exhibit 1 is a head-and-shoulders photograph of Lockhart. State's Exhibit 2 is a photograph of Lockhart seated and Chloe standing behind her with Chloe's hand on Lockhart's shoulder.

Applying the above factors to this case, the record shows State's Exhibit 2 was relevant to prove Lockhart's appearance before her death, and the photograph was strong evidence of this fact. The testimony quoted above shows the State needed little time to introduce the photograph. Appellant argues in his brief that State's Exhibit 2 tended "to engender sympathy toward Vickie and Chloe Lockhart." Lockhart's appearance in State's Exhibit 2 is virtually identical to her appearance in State's Exhibit 1. The only difference between State's Exhibits 1 and 2 is Chloe's presence in State's Exhibit 2. Appellant does not explain how a jury's sympathy toward a murder victim and her child is irrational. Assuming that such sympathy is irrational, we cannot conclude the impression was indelible, *i.e.*, "that the [evidence] was of such a nature that a jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious." *Montgomery*, 810 S.W.2d at 393. Finally, the State's need for the evidence was small because State's Exhibit 1 proved the same fact, Lockhart's pre-death appearance, as State's Exhibit 2

was proffered to prove, and her pre-death appearance was not an issue in dispute.

Considering the factors, we conclude that, although the probative value of State's Exhibit 2 was small, the danger of unfair prejudice from the exhibit was likewise small. Accordingly, we hold that the trial court did not abuse its' discretion in determining that the probative value of State's Exhibit 2 was not substantially outweighed by the danger of unfair prejudice. We resolve appellant's first issue against him.

### BURDEN OF PROOF INSTRUCTION IN THE PUNISHMENT CHARGE

■ In his second issue, appellant questions whether the trial court erred in not including an instruction in the punishment charge that the jurors could not consider evidence of appellant's extraneous offenses unless they concluded beyond a reasonable doubt that appellant committed the extraneous offenses. Article 37.07 of the code of criminal procedure permits the jury at the punishment phase to consider extraneous offenses committed by the defendant if the offenses are deemed relevant to sentencing by the trial court and the jury determines beyond a reasonable doubt that the defendant committed the extraneous offenses. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1999); *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App.1996). When requested, the trial court must instruct the jurors not to consider extraneous offenses unless they find beyond a reasonable doubt that the defendant committed the extraneous offenses. *See Mitchell*, 931 S.W.2d at 954. Appellant neither requested the submission of this instruction nor objected to its omission from the charge.

Appellant relies on *Huizar v. State*, 966 S.W.2d 702 (Tex.App.-San Antonio 1998, pet. granted) (en banc). In a virtually identical situation, the San Antonio court determined the omission of the instruction was error and that the error was harmful.

*See id.* at 707–10. The court remanded the cause to the trial court for a new punishment hearing. *See id.* at 710.

■ We will assume for purposes of this opinion that the trial court erred in not *sua sponte* submitting the instruction, and we will determine whether the error, if any, was harmful. We must first determine the appropriate standard of review for determining harmful error. The standards of review set out in *Almanza v. State* and *Arline v. State* apply to errors in a jury charge unless the "errors amount[ ] to a denial of federal or state constitutional rights and ... there is no countervailing procedural rule or statutory provision." *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex.Crim.App.1994) (emphasis omitted). In the latter situation, the court applies the standard for reviewing constitutional errors contained in rule of appellate procedure 44.2(a). *See id.* (discussing the applicability of former TEX.R.APP. P. 81(b)(2)).

In *Huizar*, the court of appeals concluded that the harmless error standard of rule 44.2(a) applied instead of *Almanza*. The court based this conclusion on the holding of *Reyes v. State*, 938 S.W.2d 718 (Tex. Crim.App.1996). There, the court of criminal appeals determined that the trial court's failure to define "reasonable doubt" in the jury charge at phase one of the trial was not subject to a harmless-error analysis under *Almanza*. *See id.* at 721 n. 10.

The holding of *Huizar*, that rule 44.2(a) and not *Almanza* applies in this situation, has been rejected by every other Texas court of appeals to consider it. *See Powers v. State*, 985 S.W.2d 596, 600 (Tex. App.-Texarkana 1999, pet. ref'd); *Coleman v. State*, 979 S.W.2d 438, 442 (Tex.App.-Waco 1998, no pet.); *Poole v. State*, 974 S.W.2d 892, 900 (Tex.App.-Austin 1998, no pet.); *Ewing v. State*, 971 S.W.2d 204, 211 (Tex.App.-Beaumont 1998, pet. ref'd). We likewise reject the holding and reasoning in *Huizar*.

The situation in these cases is distinguishable from the situation in *Reyes* be-

cause the considerations affected by the error in the jury charge are different. In *Reyes*, the failure to define "reasonable doubt" at phase one of the trial went to the core of the jury's duty, *i.e.*, to determine whether the State proved the allegations in the indictment beyond a reasonable doubt. This situation, however, does not concern the standard by which the jury determines the defendant's guilt. This error concerns the evidentiary, procedural issue of the State's burden of proof for certain evidence to be considered by the jury at the punishment phase of the trial. Prior to its opinion in *Reyes*, the court of criminal appeals determined in *Mitchell v. State* that the failure to instruct the jury on the burden of proof required for it to consider extraneous offenses at the punishment phase was reviewed for harm under *Almanza*. *See Mitchell*, 931 S.W.2d at 954. We conclude that *Reyes* did not overrule *Mitchell*. Accordingly, we disagree with the San Antonio court's conclusion that rule 44.2(a), instead of *Almanza*, applies to determine harm from this type of charge error. *Cf. Splawn v. State*, 949 S.W.2d 867, 875 (Tex.App.-Dallas 1997, no pet.) (error from not defining "reasonable doubt" in punishment charge subject to *Almanza* harm analysis).

■ Under *Almanza*, if the defendant did not object at trial to the error in the charge, the reviewing court does not reverse unless the record shows that the error, if any, was so egregiously harmful that the defendant did not receive a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We must assess the actual degree of harm in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the entire record. *See Arline v. State*, 721 S.W.2d 348, 351–52 (Tex.Crim.App.1986).

■ Appellant complains of the jury's consideration of evidence that he was previously charged with and received proba-

tion for assaulting Lockhart. During his testimony on cross-examination at the punishment phase of trial, appellant admitted pleading guilty to assaulting Lockhart and being placed on probation. Although he denied hitting Lockhart in the face, which may have been the alleged form of the assault, he testified he pleaded guilty to assault because, "it was an assault charge. I knew I had thrown her down trying to get in the garage." Given appellant's admission in his testimony, we conclude the trial court's failure to instruct the jurors not to consider the extraneous offense testimony unless they were convinced beyond a reasonable doubt that appellant committed the extraneous offense did not cause appellant egregious harm. We resolve appellant's second issue against him.

We affirm the trial court's judgment.