TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00535-CR






Joshua Brown, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 3030529, HONORABLE JON N. WISSER, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 After a jury trial, Joshua Brown was convicted for the murder of Robert Berry. See
Tex. Pen. Code Ann. § 19.02(b)(2) (West 2003). The court imposed a sentence of sixteen years'
confinement. In one issue on appeal, Brown contends that the trial court erred in allowing victim
impact testimony during the guilt-innocence phase of the trial. We affirm the conviction.


Background



 In his brief, Brown states that the critical decision the jury had to make in this case
was not whether he participated in the assault that led to Berry's death but his state of mind. There
is no challenge to the legal or factual sufficiency of the evidence. Accordingly, we detail the facts
as briefly as possible.

 On the night of the murder, Robert Berry was staying with James Davis. Berry had
been outside the house and apparently encountered four individuals. Berry attempted to flee inside;
Joshua Brown and his brother, Rene Hernandez, followed him inside. The altercation apparently
arose out of a purported debt that Barry owed to the mother of Brown and Hernandez. The two
began stomping, hitting, and kicking Berry. Brown held Berry's arms behind his back so that Berry
was on his stomach while Hernandez stomped on him for 30 to 40 seconds. After Hernandez was
through, Brown emptied Berry's pockets, taking money and a cell phone, then jumped on Berry once
or twice. Brown and Hernandez told Davis not to say anything and left the house.

 After an investigation, Brown and Hernandez were eventually apprehended and this
trial followed. At the close of evidence, the State called Erestein Clark, Berry's mother. She
testified that Berry had three brothers and was raised by herself and his stepfather. Berry attended
elementary and high school in Austin and played several sports growing up. She testified that Berry
had a good relationship with his family, had worked at McDonald's and had two children and three
stepchildren. Clark also identified a photograph of her son taken before the murder. This
photograph was published to the jury over an objection by defense counsel.

 In one issue on appeal, Brown contends that Clark's testimony at guilt-innocence was
improper victim impact testimony.


Discussion



 We review a trial court's ruling on the admission of evidence under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). The test
for abuse of discretion is whether the trial court acted without reference to any guiding rules or
principles. Roise v. State, 7 S.W.3d 225, 233 (Tex. App.--Austin 1999, pet. ref'd). An appellate
court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).


The Photograph


 Brown objected to the admission of a photograph of Berry introduced as part of
Clark's testimony. The photograph that Clark identified showed Berry as a young man dressed in
shirt and tie, standing alone, outdoors, and in front of two vehicles.

 The admission of photographs of the victim taken before the murder has been upheld
as probative of the identity of the victim. See Matchett v. State, 941 S.W.2d 922, 931 (Tex. Crim.
App. 1996) (neither testimony nor identification of photograph constituted victim impact testimony);
Fails v. State, 999 S.W.2d 144, 145-47 (Tex. App.--Dallas 1999, pet. ref'd) (photograph had some
probative value in establishing identity of murder victim even though another photograph had
already been admitted; probative value of photograph not substantially outweighed by danger of
unfair prejudice).

 In this case, the photograph was not a gruesome autopsy or crime scene photograph. 
The photograph did not have any powerful emotional content; it did not, for example, show Berry
with his children. Clark's identification had probative value in identifying Berry as the victim. Any
danger of prejudice would appear to be slight. The court did not abuse its discretion in admitting
the photograph. See Fails, 999 S.W.2d at 147.

The Testimony


 Brown complains that Clark's testimony about Berry was improper victim impact
testimony that should have been admitted only at the punishment phase. (1) Brown is correct that a
victim impact statement may not be considered until after a finding of guilt. See Tex. Code Crim.
Proc. Ann. art 56.03(f). However, a witness's testimony is not a victim impact statement when no
evidence is given regarding the physical or psychological effect of the crime on the victims
themselves, their families, or the economic effect, if any, the criminal episode has had on their lives. 
Lane v. State, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991), overruled in part on other grounds,
Taylor v. State, 109 S.W.3d 443, 450 (Tex. Crim. App. 2003) (Lane overruled to degree it suggests
that harm "automatic"; all errors subject to harm analysis except structural).

 At trial, Clark testified that Berry was her son and that he had three brothers, a
stepfather, two children, and three stepchildren. She testified that he grew up in Austin, that he liked
to play football and basketball, that he had a good relationship with his brothers, and that he worked
at McDonald's when he finished high school. That, and the identification of the photograph, was
the extent of the testimony. She did not testify about any after-effects of the murder on any of
Berry's family members, either psychological or financial.

 The evidence introduced concerning Berry would appear to fit the category of
contextual background evidence: "Considerable leeway is allowed even on direct examination for
proof of facts that do not bear directly on the purely legal issues, but merely fill in the background
of the narrative and give it interest, color, and lifelikeness." Mayes v. State, 816 S.W.2d 79, 87 (Tex.
Crim. App. 1991); Schultze v. State, 177 S.W.3d 26, 39 (Tex. App.--Houston [1st Dist.] 2005, pet.
ref'd). For example, in Matchett the court held admissible the victim's wife's testimony describing
her husband's family background, and stating that she had been married to the victim for twenty-five
years, that they had five children, and that the victim was home alone on the night of his murder. 
Matchett, 941 S.W.2d at 931. Clark's testimony is comparable to that in Matchett. Her testimony
simply placed the deceased in context as a real human being, allowing the jury to appreciate the
"lifelike" quality of the factual narrative rather than being forced to view the crime only as a cold and
abstract concept. See Mayes, 816 S.W.2d at 87.

 Clark's testimony was permissible background evidence, not victim impact testimony. 
Accordingly, the trial court did not abuse its discretion in admitting this testimony at the guilt-innocence phase.


Conclusion


 We have held that the trial court did not abuse its discretion in the admission of the
complained of photograph and testimony. We overrule Brown's single point of error and affirm the
conviction.


 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: August 25, 2006

Do Not Publish 
1. The State contends that Brown did not preserve error because he did not object until seventeen 
of twenty questions concerning Berry had been asked. The State is correct that Brown's objections
were untimely. However, we have considered the issue on the merits in the interest of justice.