Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00756-CR

____________

 

MICHAEL JAMES STRANGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1018348

 



 

M E M O R A N D U M  O P I N I O N

Challenging his aggravated robbery conviction, appellant
Michael James Strange contends the trial court erred in failing to properly
instruct the jury during the punishment phase of his trial. We affirm. 

I. Factual and Procedural
Background








On February 6, 2005, around 3:30 a.m., Hazel Williams, a
seventy-year-old woman, arose to prepare for a Super Bowl party she was to host
in her home later that day.   Around 4:15 a.m., her doorbell rang.  The
motion-detector light near the door appeared to be broken, although it had been
working when she went to bed the night before.   Williams could see  two men.
When she asked who was there, one of the men responded that it was AMichael@  from next door
and he asked to use her telephone to call his wife, explaining that he could
not reach his doorbell.  Knowing that the doorbell at that residence was
inaccessible because of burglar bars,  Williams  decided to let the men use her
telephone.  She cracked open the door and then held the phone outside.  One of
the men, whom she later identified as appellant, shoved the door open, knocked
her backwards, and caused her to fall across the dining room table and chair.  
After forcing his way into the residence, appellant choked Williams until she
lost consciousness.  Williams had no further recollection of the events until
her daughter arrived around 10:00 a.m. that morning to find Williams
unconscious and unclothed. 

After regaining consciousness, Williams discovered bruises
on several parts of her body and the loss of a tooth. The intruders had
absconded with an Oldsmobile automobile that Williams had borrowed from a
friend.  Also missing from Williams= home was a .22
caliber pistol and her house keys as well as the pot of chitlins Williams had
been cooking at the time of the intrusion.  The incident was reported to the
police, and appellant was subsequently arrested. He was found riding as a
passenger in the stolen automobile. 

Following his arrest, appellant signed a statement
admitting, but minimizing his participation in the offense.  During a lineup,
Williams positively identified appellant, whom she had never seen before the
intrusion, as her attacker.  Appellant was charged with the felony offense of
aggravated robbery.  The indictment also alleged two prior felony convictions
for enhancement.  A jury found appellant guilty as charged. 








During the punishment hearing, the State abandoned one of
the enhancement allegations in the indictment, and appellant entered a plea of Atrue@ to the remaining
allegation of the felony offense of unauthorized use of a motor vehicle. 
Appellant stipulated to this offense and also admitted to having been
previously convicted of eleven criminal offenses, including three felonies, and
eight misdemeanors. Stipulations to these previous convictions were admitted
into evidence without objection.        

During the punishment phase of the trial, the State called
witnesses to testify in regard to other extraneous offenses.  Lakesha McGee,
testified that, on February 3, 2001, appellant forced his way into her aunt=s apartment, where
she was visiting at the time, and  physically assaulted her.  Another witness,
Angela Williams, testified about an incident that occurred around January 26,
2004, in which appellant entered her apartment without her consent and stole
her son=s Playstation
before she Apushed him out of the apartment.@  Angela Williams
pressed charges against appellant and he was taken into custody.

At the conclusion of the punishment phase, the jury found
the enhancement allegation in the indictment true, and assessed appellant=s punishment at
ninety-nine years= confinement in the Institutional Division
of the Texas Department of Criminal Justice. On appeal, appellant complains
that the trial court did not give the jury proper instructions during the
punishment phase.

II. Issues and Analysis

A.        Did the trial court
reversibly err in failing to submit a jury instruction on the burden of proof
for extraneous offenses at the punishment phase?  

In his
second point of error, appellant argues the trial court erred in failing to
give a burden-of-proof instruction on the evidence of extraneous offenses
admitted at the punishment phase.  More specifically, he alleges the testimony
of Lakesha McGee and Angela Williams constituted evidence of unadjudicated
extraneous offenses and the trial court committed fundamental error that caused
him egregious harm by failing to instruct the jury under article 37.07, section
3(a) of the Texas Code of Criminal Procedure.  








Appellant
failed to object to the lack of this instruction at trial. Under these
circumstances, we may reverse only if the record shows that the error was so
egregiously harmful that appellant was denied a fair and impartial trial.  See
Almanza v. State, 686 S.W. 2d 157, 171 (Tex. Crim. App.  1985). Egregious
harm includes errors (1) affecting the case=s foundation, (2) denying the
defendant a valuable right, significantly affecting a defensive theory, or (3)
making the case for guilt or punishment clearly and substantially more
compelling.  Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 
1996).   In determining the degree of harm, we look to the entire jury charge,
the state of the evidence, the arguments of counsel, and any other relevant
information from the entire record. Id.; see also Huizar v. State, 12
S.W.3d 479, 484B85 (Tex. Crim. App. 2000) (stating that Almanza sets
forth the appropriate harm analysis for charge error).   There must be actual
rather than theoretical harm before a reversal of the judgment is authorized.  Dicky
v. State, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999).  

Appellant
concedes  the trial court was not required to give an instruction regarding
those offenses for which the State presented evidence of prior convictions and
probations.  He contends only that he was entitled to a burden-of-proof
instruction as to the evidence of the extraneous offenses alleged to have
occurred in February 2001 and January 2004, offered through Lakesha McGee and
Angela Williams, respectively.  Appellant argues  there was no evidence
presented to show that these Abad acts@ resulted in convictions. 








The
State contends there is no error because the extraneous offenses as shown by
McGee=s and Angela Williams=s testimony are matters that were
actually adjudicated and resulted in prior convictions, and, accordingly, no
instruction requiring the jury to find their commission beyond a reasonable
doubt was necessary.  See Bluitt v. State, 137 S.W.3d 51, 54 (Tex. Crim.
App. 2004) (holding it is unnecessary to give a charge requiring jury to find
commission of extraneous offenses beyond a reasonable doubt with respect to
adjudicated offenses shown to have been committed by defendant).  The State
maintains no further proof of guilt was necessary because the dates of the
offenses, as described at trial by McGee and Angela Williams, correspond with
dates shown on final judgments and convictions introduced into evidence.  As
explained more fully below, the record in this case does not contain sufficient
links showing that these offenses were the ones resulting in final judgments
and convictions as stated in State=s exhibits 14, 23, and 24.  Thus, we
presume error for the sake of argument and evaluate this issue under the Almanza-type
harm analysis.  Under this standard, we must determine whether appellant suffered
egregious harm as a result of the trial court=s failure to give
the reasonable-doubt instruction.

  Appellant contends he suffered egregious harm because the
State emphasized the testimony from McGee and Angela Williams in its closing
argument when urging the jury to impose a life sentence.  Although the State
highlighted this testimony in its closing argument, it was hardly the most
piercing evidence against appellant. The State also focused on the twelve
stipulated convictions and the particularly offensive nature of the crime for
which appellant was on trial.  The evidence of the latter showed that appellant forced his way into the
home of an elderly woman who had attempted to help him, physically assaulting
her and suffocating
her to the point of unconsciousness, and then leaving her badly injured and
unclothed, as he absconded with her valuables.  Moreover, appellant admitted
that he had committed many other crimes. Appellant=s conviction for
the instant offense was enhanced by the following conviction in the indictment:


Before the commission of the
offense alleged above (hereafter styled the primary offense), on January 17,
1997, in Cause No. 9415752, in the 177th District Court of Harris County,
Texas, the Defendant was convicted of the felony of unauthorized use of a motor
vehicle.

Appellant
plead Atrue@ to this
enhancement.   Appellant also admitted to the following convictions, and the
corresponding judgments for these convictions were admitted into evidence at
the punishment phase in State=s Exhibit 13:

(1)     The defendant was convicted of Failure to Identify
to a Police Officer in County Court at Law No. 3, in Harris County, Texas in
cause number 1284385 on February 16, 2005; 

(2)     The defendant was convicted of Burglary of a
Habitation in the 174th District Court of Harris County, Texas in cause number
0975421 on February 14, 2005;








(3)     The defendant was convicted of Burglary of
Building in the 174th District Court of Harris County, Texas in cause number
0936295 on May 2, 2003; 

(4)     The defendant was convicted of the offense
of assault in County Court at Law No. 3 in Harris County, Texas in cause number
1043134 on March 6, 2001; 

(5)     The defendant was convicted of Criminal
Trespass in County Court at Law No. 3 in Harris County, Texas in cause number
1043133 on March 6, 2001; 

(6)     The defendant was convicted of the offense
of Possession of Marijuana in County Court at Law No. 3 in Harris County, Texas
in cause number 9915613 on May 14, 1999; 

(7)     The defendant was convicted of the offense
of Failure to Stop and Give Information in County Court at Law No. 3 in Harris
County, Texas in cause number 9915631 on May 14, 1999; 

(8)     The defendant was convicted of Driving While
Intoxicated in County Court at Law No. 3 in Harris County, Texas in cause
number 9915630 on May 14, 1999; 

(9)     The defendant was convicted of Unauthorized
Use of a Motor Vehicle in the 177th District Court in Harris County, Texas in
cause number 9415752 on January 17, 1997; 

(10)    The defendant was convicted of Failure to
Identify to a Police Officer in County Court at Law No. 14 in Harris County,
Texas in cause number 9345182 on November 11, 1993; and

(11)    The defendant was convicted of Possession of
Marijuana in County Court at Law No. 14 in Harris County, Texas in cause number
9323839 on November 11, 1993.   

At
least three of the foregoing convictions were similar to the instant offense,
and one of themCburglary of a habitationCoccurred within
the same month as the instant offense.

 Even though we cannot conclude that the offenses to which
McGee and Angela Williams testified fall within the  Bluitt exception,
the connection  between the dates given by McGee and Angela Williams and those
stated in the judgments and convictions in exhibits 14, 23, and 24, can be
considered in our review of the entire record during our harm analysis.  








McGee testified that the date appellant broke into her aunt=s apartment and
physically assaulted her was February 3, 2001, which is the same date shown on
State=s exhibits 23 and
24, introduced during the punishment phase.  The judgment and sentence in
exhibit 23 showed that appellant committed the offense of assault on or about
February 3, 2001; and the judgment and sentence in exhibit 24 showed that
appellant committed the offense of criminal trespass on or about February 3,
2001.  Though the complainant for this conviction is not expressly identified
in our record, the date and nature of the offense match the incident McGee
described. 

Angela Williams testified that appellant, who at the time
lived in her apartment complex, entered her apartment without her consent, and
stole her son=s Playstation before she Apushed him out of
the apartment.@  She testified that the incident occurred on the day
of a sidewalk barbeque at the complex. Though Williams initially testified she
could not recall the exact date,  when the State asked her about it, she later stated that it
was Aon that date,@ presumably a reference to January 26,
2004, the day of the barbeque. She further testified that appellant was taken
into custody, and she thereafter pressed charges against him, but she was
unsure of the disposition of those charges. The judgment and sentence in
exhibit 14 showed the appellant committed the offense of burglary of a
habitation on or about January 24, 2004, two days before the day identified as
the date of the offense involving the break-in and theft of the Playstation.   








 Appellant does not contend that if a
reasonable-doubt-extraneous offense  instruction had been given, the evidence
would be insufficient to prove beyond a reasonable doubt that he committed the
offenses against McGee and Angela Williams.  See Gholson v. State, 5
S.W.3d 266, 271 (Tex. App.CHouston [14th Dist.] 1999, pet. ref'd)
(reasoning that appellant did not show egregious harm because, among other
things,  the State proved the extraneous offenses with uncontroverted evidence,
and appellant did not contend on appeal that if a proper instruction had been
given, the evidence was insufficient to prove beyond a reasonable doubt he
committed the extraneous offense).  Nor does appellant contend, or point to
evidence that would suggest, that had the trial court given the
reasonable-doubt instruction, the jury would not have credited the disputed
extraneousBoffense evidence.  See id.  at 271. 








After considering the entire charge and  the state of the
evidence, including contested issues and the weight of the probative evidence,
the argument of counsel, and other relevant information revealed by the record
as a whole, we cannot conclude appellant suffered egregious harm.  Compare
Allen v. State, 47 S.W.3d 47, 51‑53 (Tex. App.CFort Worth 2001,
pet. ref=d) (holding that
appellant was not egregiously harmed by the trial court=s failure to
instruct on reasonable doubt at punishment stage because there was enough
evidence at the guilt stage of trial to support appellant=s sentence as well
as clear‑cut evidence that appellant committed the extraneous offenses
and the jury=s sentence was within the punishment range for
attempted murder), Brown v. State, 45 S.W.3d 228, 231‑32 (Tex.
App.CFort Worth 2001,
pet. ref=d) (finding that
appellant was not egregiously harmed by the trial court=s failure to give
a reasonable-doubt instruction because, among other reasons,  there was little
doubt of appellant=s connection with most extraneous
offenses), Arnold v. State, 7 S.W.3d 832, 835 (Tex. App.CEastland 1999,
pet. ref=d) (holding that
appellant was not egregiously harmed by court=s failure to
instruct because the record reveals that appellant pleaded guilty to all four
offenses committed, the victim testified to two extraneous offenses, and appellant
did not contend that the evidence was insufficient to prove beyond a reasonable
doubt that he committed the extraneous offenses, but only that the instruction
was not given), and Fails v. State, 999 S.W.2d 144, 148 (Tex. App.CDallas 1999, pet.
ref=d) (finding that
appellant was not egregiously harmed because, although he denied hitting the
victim, he admitted to pleading guilty to the probated extraneous offense), with
Ellison v. State, 51 S.W.3d 393, 397 (Tex. App.CTexarkana 2001,
pet.) (holding that appellant was egregiously harmed because his sentence could
have been substantially affected by evidence that he committed hate crimes). 
Even assuming the jury would have rejected entirely the extraneous-offense
testimony of McGee and Angela Williams, had the trial court given the
reasonable-doubt instruction, it is highly unlikely that the jury would have
reached a different result given the nature of the instant offense and
appellant=s lengthy criminal record.  Based on the testimony offered during
the guilt-innocence phase[1] and the evidence
offered during the punishment phase, we conclude that if the trial court erred,
appellant did not suffer egregious harm as a result of the error. We overrule
appellant=s first issue.

B.        Did the trial court
reversibly err by failing to submit a jury instruction on Agood conduct time@ under article 37.07(4)(a) of the
Texas Code of Criminal Procedure? 

In his
second issue, appellant argues the trial court erred in failing to give an
instruction in the punishment charge on Agood conduct time@ as statutorily required under
article 37.07(4)(a) of the Texas Code of Criminal Procedure.  Appellant
recognizes that he failed to make any objection at trial as to this issue. 
Therefore, as appellant concedes, he must show egregious harm to prevail on appeal.
  See Almanza, 686 S.W.2d at 171; Fails, 999 S.W.2d at 148. 
Egregious harm includes errors affecting the case=s foundation, or denying the
defendant a valuable right, significantly affecting a defensive theory, or
making the case for guilt or punishment clearly and substantially more
compelling.   Hutch, 922 S.W.2d at 171.  In conducting the harm
analysis, we look to the entire jury charge, the state of the evidence, the
arguments of counsel, and any other relevant information from the entire
record.  Id. 








When a
defendant has been found guilty of certain offenses, including aggravated
robbery, the trial court is required to charge the jury in the punishment phase
of the trial on Agood conduct time@ and parole law. Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon Supp. 2002).   Although
the trial court charged the jury on parole law, it failed to include an
instruction regarding Agood conduct time.@ Presuming without deciding the trial
court erred in failing to give this instruction, we consider whether appellant
suffered egregious harm.  Almanza, 686 S.W.2d at 171.   

Appellant
has presented no evidence showing the jury was misled by the parole law charge
actually given, had any misconceptions about Agood conduct time,@ or increased his sentence based on
the absence of this instruction.  In evaluating the impact of this omission
from the charge, we note the trial court instructed the jury:

It cannot
accurately be predicted how the parole law might be applied to this defendant
if he is sentenced to a term of imprisonment, because the application of these
laws will depend on decisions made by prison and parole authorities. 

 








The parole-law
instruction also stated that the jury may not consider the manner in which the
parole law might be applied to appellant.  See  Neal v. State, No.
14-03-01263-CR, 2005 WL 1242301, *2B3 (Tex. App.CHouston [14 Dist.] May 26, 2005, no
pet.) (not designated for publication) (concluding that appellant failed to
show egregious harm for the absence of Agood conduct time@ language in parole law instruction,
when among other things, the jury instruction stated that the application of
the parole law could not be predicted in his case, and the jury could not
consider the manner in which the parole law might specifically be applied to
him.  Based on this record, we cannot conclude that appellant has demonstrated
that he suffered egregious harm.  See Bessy v. State, 199 S.W.3d
546, 552B54 (Tex. App.CTexarkana 2006, no pet. ) (rejecting
claim of egregious harm for omission of Agood conduct time@ instruction in parole law
instruction); Bolden v. State, 73 S.W.3d 428, 434 (Tex. App.CHouston [1st Dist.] 2002, pet. ref'd)
(concluding jury charge omitted Agood conduct time@ portion of the parole instruction,
but error was not reversible because the appellant did not identify any Aactual@ harm, but instead relied upon mere
speculation regarding what the jury might have considered); Myres v. State,
866 S.W.2d 673, 674 (Tex. App.CHouston [1st Dist.] 1993, pet. ref=d) (finding jury charge did not
include parole instruction, but a finding of egregious harm, or any harm, would
be utter speculation because nothing in the record demonstrated what the
particular jury in that case thought about the subject).  Accordingly, we
overrule appellant=s second issue. 

Having
overruled appellant=s two issues on appeal, we affirm the trial court=s judgment.                                                              

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of Justices
Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  During the punishment phase, the State re-introduced
all testimony and evidence from the guilt-innocence phase.    However, even if
the State had not expressly re-introduced this evidence during the punishment
phase, all evidence from the guilt stage of the trial is Aautomatically@
before the jury at the penalty stage by operation of law. See Green v. State,
839 S.W.2d 935, 945 (Tex. App.CWaco 1992, pet.
ref'd). At the penalty stage, a jury may consider all the evidence adduced at
the guilt stage. Yohey v. State, 801 S.W.2d 232, 242 (Tex. App.CSan Antonio 1990, pet. ref'd).  There is no
requirement that the evidence from the guilt stage be re‑offered in order
to be considered by the jury on the issue of punishment.  See Trevino v.
State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003); Buchanan v. State,
911 S.W.2d 11, 13 (Tex. Crim. App. 1995); Ex parte Girnus, 640 S.W.2d
619, 620‑21 (Tex. Crim. App. 1982).