NO. 07-06-0062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2007
_____

TOM CASTILLEJA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407067; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Tom Castilleja, appeals from his conviction for murder and jury-assessed punishment of 50 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

Appellant and Maria Castilleja were married sometime during the year of 2000. However, within approximately three years of their marriage, the couple separated and

eventually divorced. During the time of their separation, Maria began dating Angel Garcia. Before the finalization of the divorce, Maria discovered that she was pregnant with Garcia's child.

By August 29, 2006, appellant and Maria had been legally divorced, but appellant was living at Maria's residence because "he had no other place to go." Maria and Garcia spent the day together, along with their daughter. While they were away, appellant discovered information about a bank account that Garcia had opened for his daughter. Upon Maria's return to the residence, appellant confronted Maria about the bank account. Appellant was upset that Garcia had opened a bank account for the girl. Maria testified that she had previously informed appellant that the girl was not his and she was confused by appellant becoming upset that the girl's father opened a bank account for her.

Eventually, Garcia was called to the residence. When Garcia arrived, a verbal altercation began between appellant and Garcia, which quickly escalated into a fist fight. Garcia, the larger man, got the better of this altercation. Eventually, the fight stopped and appellant went to the kitchen.

After approximately five minutes in the kitchen, appellant picked up two knives and returned to the living area. At this point, Garcia and appellant again got into an altercation during which appellant stabbed Garcia repeatedly. As a result of these stab wounds, Garcia died.

Appellant was charged with the murder of Garcia. At trial, the State offered a number of photographs, including photos of Garcia with his family and photos of his body

2

as found by police at the scene.  Appellant objected to these photographs on the basis that their probative value was substantially outweighed by the risk of unfair prejudice.  The trial court overruled these objections.  Throughout the trial, appellant contended that he killed Garcia in self-defense.  The jury returned a verdict finding appellant guilty of murder. During the punishment phase of the trial, appellant contended that he had killed Garcia while in the immediate influence of sudden passion.  In accordance with appellant's election to have the jury assess punishment, the jury sentenced appellant to incarceration in the Institutional Division of the Texas Department of Criminal Justice for a period of 50 years.  Appellant filed the present appeal of his conviction and sentence.

By four issues, appellant appeals his conviction and sentence.  Appellant contends that (1) the trial court erred in overruling appellant's objection to certain photographs, (2) the evidence was legally insufficient to support his conviction, (3) the evidence was factually insufficient to support his conviction, and (4) the evidence was factually sufficient to prove that appellant killed Garcia while acting under the immediate influence of sudden passion.

Admission of Photographs

By his first issue, appellant contends that the trial court abused its discretion in admitting certain photographs into evidence over appellant's objection.  Three of these photographs were pictures of Garcia with his family.  Appellant objected to these photos as cumulative, irrelevant, and serving no other purpose than to inflame the passions of the jury. Appellant also objected to nine pictures of Garcia's dead body taken by police at the

3

crime scene.  Appellant's objection was that the probative value of these pictures was substantially outweighed by the risk of unfair prejudice, under Texas Rule of Evidence 403.

The admissibility of photographs is within the sound discretion of the trial court, who determines whether the exhibit serves a proper purpose in the enlightenment of the jury. See Ramirez v. State, 815 S.W.2d 636, 646-47 (Tex.Crim.App. 1991).  Generally, photographs are admissible if verbal testimony as to the matters depicted in the photographs would be admissible.  Id. at 647.  Upon objection under Rule 403, the trial court must balance the probative value of the photographs against the danger of unfair prejudice.  See Narvaiz v. State, 840 S.W.2d 415, 429 (Tex.Crim.App. 1992).  Factors in the trial court's evaluation include: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence.  See Erazo v. State, 144 S.W.3d 487, 489 (Tex.Crim.App. 2004) (citing Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex.Crim.App. 1991) (op. on reh'g)).  In specific reference to photographs, the trial court should consider, *inter alia*, the number of photographs offered, their size, whether they are in color or black and white, their gruesomeness, whether the body is clothed or naked, and whether the body has been altered by autopsy.  See Reese v. State, 33 S.W.3d 238, 241 (Tex.Crim.App. 2000).  However, after independently evaluating all of these factors, we will reverse a trial court's admission of photographic evidence only when the probative value of the evidence is small and its inflammatory potential is great.  Ramirez, 815 S.W.2d at 647.

As to the photographs of Garcia with his family, appellant contends that these pictures are rendered more prejudicial than probative when followed by pictures of Garcia "with a knife gruesomely . . . protruding out of his bloody body." Thus, appellant's objection went to the crime scene photos of Garcia's body rather than to the family pictures. Appellant wholly fails to identify how these pictures would create an indelible and irrational sympathy in the jury. See Fails v. State, 999 S.W.2d 144, 146 (Tex.App.–Dallas 1999, pet. ref'd). Thus, we conclude that appellant has failed to show that the trial court abused its discretion in admitting the family photos.

Appellant further challenges the admission of nine crime scene photos of Garcia's body. These photos are color photos of the victim, a few are fairly close up, and they are quite gruesome. However, as the trial court correctly noted, each of these nine photos showed the body as it was found by police and each showed a different angle or different features of the body. Appellant identifies no particular aspect or characteristic of any of these nine photographs which would mislead the jury or produce some indelibly irrational impression upon the jury. Ultimately, appellant contends that the prejudicial effect of these photos substantially outweigh their probative value because (1) the photos are gruesome and (2) there was no dispute that appellant killed Garcia by stabbing him to death.

Certainly the challenged photos are gruesome. They portray the lifeless body of Garcia, covered in blood, with a knife protruding from his chest. However, these photos do nothing more than portray what the appellant did. Because there is no suggestion that these photos were manipulated in a manner which would mislead the jury and were testified as accurately portraying Garcia's body as it was found by police, we do not find

5

these photos to present a significant risk to impress the jury in some irrational way. See Sonnier v. State, 913 S.W.2d 511, 519 (Tex.Crim.App. 1995).

The photographic evidence of Garcia's body as found by the police was not rendered cumulative by appellant not contesting that he killed Garcia by stabbing him to death. Each of these photos corroborated testimony regarding the events occurring on the night in question and the visual component provided by the photographs represents a distinctive probative quality that testimony alone could not provide. Further, as the evidence was in conflict regarding exactly what occurred on the night in question, this photographic evidence "gives the fact finder a point of comparison against which to test the credibility of a witness and the validity of his conclusions." Chamberlain v. State, 998 S.W.2d 230, 237 (Tex.Crim.App. 1999). Thus, we conclude that appellant has failed to establish that the probative value of the crime scene photographs was small. Concluding that appellant has failed to establish that either the probative value of the crime scene photos was small or that their prejudicial potential is great, we affirm the trial court's admission of the photographs and overrule appellant's first issue. Ramirez, 815 S.W.2d at 647.

Appellant further contends that the trial court did not properly perform the balancing test required upon a Rule 403 objection. Appellant's contention appears to be premised on the fact that the trial court simply listened to the objection and overruled it. However, unless the trial court expressly refuses to perform the balancing test, the trial court's overruling of a Rule 403 objection without further comment does not establish that the trial

6

court did not conduct the required balancing test and will not support a finding of an abuse of discretion.  See Santellan v. State, 939 S.W.2d 155, 173 (Tex.Crim.App. 1997).

## Legal and Factual Sufficiency - Self-Defense

By his second and third issues, appellant contends that the evidence was legally and factually insufficient to support the jury's finding that he committed murder. Specifically, appellant contends that the State failed to present legally and factually sufficient evidence to prove, beyond a reasonable doubt, that appellant did not act in self-defense.

To prove that appellant was guilty of murder, the State was obligated to prove, beyond a reasonable doubt, that appellant intentionally or knowingly caused the death of an individual.  TEX. PEN. CODE ANN. § 19.02(b)(1) (Vernon 2003).[1]  However, a person is justified in using deadly force against another if he reasonably believes that deadly force was immediately necessary to protect himself from the other's use or attempted use of unlawful deadly force and a reasonable person in the actor's situation would not have retreated.  §§ 9.31(a), 9.32(a).  A defendant must produce some evidence to raise the issue of self-defense.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003).  Once the defendant produces some evidence, it is incumbent upon the State to bear the burden of persuasion to disprove the defense.  Id.  However, this burden does not require the State to produce evidence, rather, the State must satisfy the fact finder of the guilt of the

---

[1] Further reference to sections of the Texas Penal Code will be by reference to "§ __."

defendant beyond a reasonable doubt. Id. A guilty verdict by the jury is an implied rejection of the defensive theory. Id. Therefore, in the final analysis, the State was required to prove appellant was guilty of murder beyond a reasonable doubt and to persuade the jury, beyond a reasonable doubt, that appellant did not kill the victim in self-defense. Id. Finally, we note that the issue of self-defense is a fact issue for the jury, and the jury is free to accept or reject defensive evidence. Saxton v. State, 804 S.W.2d 910, 913-14 (Tex.Crim.App. 1991).

When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility to be afforded the evidence. Jackson, 443 U.S. at 319.

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we

8

may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant does not specifically challenge the evidentiary support for any particular element of the offense of murder. Rather, appellant contends that the evidence was legally insufficient to allow a rational jury to conclude that he was not acting in self-defense when he killed Garcia. Reviewing the evidence in the light most favorable to the verdict, there is no evidence that the initial altercation between appellant and Garcia was anything more than a fist fight. While the evidence reflects that Garcia got the better of this fight, there is no evidence that appellant ever believed that Garcia was using or attempting to use deadly force against appellant. See § 9.32(a)(3)(A). Further, there is no record evidence nor any allegation that Garcia was committing or attempting to commit any of the offenses justifying the use of deadly force. See § 9.32(a)(3)(B). As such, even were we to assume that appellant was justified in using force against Garcia to defend himself, we cannot conclude that the jury acted irrationally in impliedly finding that appellant was not justified in his use of deadly force. We overrule appellant's second issue.

Appellant's main argument that the evidence is factually insufficient to support his conviction for murder is that the great weight of the evidence established that he was acting in self-defense. Again, however, there is no evidence that appellant believed that

9

Garcia was using or attempting to use deadly force against him.  See § 9.32(a)(3)(A).  Nor is there any record evidence or allegation that Garcia was committing or attempting to commit any of the offenses justifying the use of deadly force.  See § 9.32(a)(3)(B). Reviewing the evidence in a neutral light, pictures of appellant following his fight with Garcia show that he was injured in the altercation, however, hospital records reveal that his injuries included a laceration above his left eye and facial swelling.  Appellant was advised to treat his injuries with ice and Tylenol.  Considering the absence of evidence that Garcia provoked appellant to kill him by using or attempting to use deadly force against appellant and considering that the extent of appellant's injuries did not allow a reasonable inference that appellant was reasonably placed in fear for his life, we cannot conclude that the jury acted irrationally in impliedly rejecting appellant's self-defense justification and finding him guilty of the murder of Garcia.  We overrule appellant's third issue.

Factual Sufficiency - Sudden Passion

Appellant contends that the evidence was factually sufficient to prove that he killed Garcia in the immediate influence of sudden passion.  During the punishment phase of a murder trial, the defendant may raise the issue of whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. § 19.02(d). "Sudden passion" is "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." § 19.02(a)(2). "Adequate cause" is "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool

10

reflection." § 19.02(a)(1). Sudden passion is a mitigating circumstance that, if proven by a preponderance of the evidence, reduces the offense from a first degree felony and is treated as a second degree felony. Id.; McKinney v. State, 179 S.W.3d 565, 569 (Tex.Crim.App. 2005). It is the defendant that bears the burden of proving the issue of sudden passion. See Hernandez v. State, 127 S.W.3d 206, 211-12 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd). When a defendant seeks review of a jury's failure to make a finding on which the defendant had the burden of proof, the defendant invokes our factual review jurisdiction. Naasz v. State, 974 S.W.2d 418, 421 (Tex.App.–Dallas 1998, pet. ref'd) (citing Meraz v. State, 785 S.W.2d 146, 154-55 (Tex.Crim.App. 1990)). In a factual sufficiency review, we consider all of the evidence relevant to the issue to determine whether the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. Id.

Appellant focuses his argument in regard to the issue of sudden passion on which party initiated the initial confrontation between appellant and Garcia. Appellant contends that the evidence is clear that Garcia was the aggressor in the initial confrontation, that Garcia got the better of the ensuing fight, and that appellant attempted to halt the fight by attempting to push Garcia out of the house. Our review of the evidence reveals that appellant's ex-wife, who witnessed the events on the night in question, was unable to identify who was the aggressor in the initial confrontation. However, regardless of who was the aggressor in this initial confrontation, appellant indicates in the statement he gave to the police that, after the initial confrontation, appellant went into the kitchen for approximately five minutes to get a drink of water and to catch his breath. While

11

appellant's statement indicates that Garcia taunted him during this five minute period, appellant's ex-wife's testimony was that Garcia had left the residence during this time. Therefore, whether appellant killed Garcia while in the immediate influence of sudden passion or whether appellant would have been capable of calm reflection during this five minute cooling off period was a question of fact for the jury to resolve. Because the resolution of this conflicting evidence turns on an assessment of the weight and credibility to be afforded the evidence, we will defer to the jury. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000).

Appellant additionally indicates that he found out on the night in question that the daughter that he thought was his was not. Again, however, appellant's ex-wife testified in a contrary manner. Appellant's ex-wife testified that she had told appellant on a few occasions months before the night of Garcia's death that the child was not appellant's. Thus, whether appellant learned that the child was not his on the night in question and whether such fact would constitute adequate cause were fact questions for the jury to resolve. See id.

Because the evidence relating to whether appellant acted in the immediate influence of sudden passion was subject to conflicting testimony and the resolution of the resulting fact issues depended on a determination of the weight and credibility to be afforded the evidence, we conclude that the jury's rejection of appellant's sudden passion defense is not so against the great weight and preponderance of the evidence as to be manifestly unjust. See Naasz, 974 S.W.2d at 421. We overrule appellant's fourth issue.

12

Conclusion

We affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.